# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRIDEN STEEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-932-SPM |
| | ) |
| MARK SIFFIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This cause is before the Court on several motions. First, Plaintiff filed a Motion for Leave to File Second Amended Complaint (Doc. 22). Defendant filed a Response in Opposition to Motion for Leave to File Second Amended Complaint (Doc. 27).[1] Plaintiff filed a Reply in Support of Motion for Leave to File Second Amended Complaint (Doc. 30). Defendant then filed a Motion for Leave to File Sur-Reply Opposing Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 31).[2]

The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 12). For the following reasons, the Court will grant Plaintiff's Motion (Doc. 22) and deny Defendant's motion to file a sur-reply (Doc. 31). Because of these rulings, Defendant's pending Motion for Judgment on the Pleadings (Doc. 18) will be denied as moot.

---

[1] Defendant's Response was combined with its Reply in Support of Motion for Judgment on the Pleadings.

[2] Plaintiff opposes this motion (Doc. 32) and Defendant filed a Reply to Plaintiff's opposition (Doc. 33). For the reasons more fully set out in this Order, Defendant's motion will be denied.

1

### A. Procedural History

Plaintiff initiated this action by filing a Complaint in the Circuit Court for St. Louis County in January 2020, and Defendant removed the action to this Court in July 2020. (Doc. 1).[3] On July 21, 2020, Plaintiff filed its First Amended Complaint for Fraudulent Misrepresentation (Doc. 7). Defendant shortly thereafter filed a notice of bankruptcy proceedings in Delaware (Doc. 11). On July 29, 2020, the undersigned entered a stay of proceedings in this Court pending the Bankruptcy Court's decision (Doc. 13).

This case remained stayed until November 17, 2021, when Defendant filed his Answer (Doc. 16). Then, on January 25, 2022, Defendant filed his Motion for Judgment on the Pleadings (Doc. 18). Plaintiff then filed the current Motion, seeking to file its Second Amended Complaint.

### B. Discussion

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule— 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012) (citing Fed. R. Civ. P. 15(a)(2)). The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to permit a party to amend its pleadings is left to the broad discretion of the district court. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.*

---

3    In his Notice of Removal, Defendant alleges that removal was timely because the summons was served on June 19, 2020. (Doc. 1).

2

Upon review of the parties' arguments regarding bad faith and futility, the undersigned finds that the arguments are better addressed in a procedural posture of a dispositive motion and response. This is not a case where the arguments for bad faith and futility are so clear-cut that amendment should be foreclosed altogether at this stage. This is especially true as Defendant raised a new privilege argument in his proposed Sur-Reply (Doc. 31). Finally, Plaintiff filed his Motion to amend his pleadings within the applicable time-period as set forth in the parties' joint scheduling plan (Doc. 21), which was later adopted in the Court's Case Management Order (Doc. 25).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDED** that the Clerk of Court shall file Exhibit 1 (Doc. 22-1) to the Motion as the Second Amended Complaint in this matter.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Sur-Reply Opposing Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 18) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Defendant shall respond to the Second Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

                                                */s/ Shirley Padmore Mensah*
                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of May, 2022.